## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

*KELLEY A. L.,*                 )
                                      )
             *Plaintiff*         )
                                        )
*v.*                             )     *No. 2:20-cv-00084-DBH*
                                        )
*ANDREW M. SAUL,*          )
*Commissioner of Social Security,*   )
                                        )
            *Defendant*      )

## REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability (SSD) appeal raises the question of whether the administrative law judge (ALJ) supportably found that the plaintiff's disability ceased on December 1, 2016, because she was then capable of performing past relevant work or, in the alternative, other work existing in significant numbers in the national economy.  The plaintiff seeks remand on the bases, *inter alia*, that the ALJ erred in weighing the opinion evidence of record and failed to resolve an inconsistency between the testimony of a vocational expert (VE) and the *Dictionary of Occupational Titles* (U.S. Dep't of Labor 4th ed., rev. 1991) (DOT) concerning her ability to perform other work.  *See* Itemized Statement of Specific Errors ("Statement of Errors") (ECF No. 11) at 10-19.  I conclude that the ALJ's reliance on the plaintiff's ability to perform past relevant work as a receptionist is undermined by his failure to recognize and resolve a conflict in the opinion evidence bearing on her ability to reach overhead, and his reliance on her ability to

---

[1] This action is properly brought under 42 U.S.C. § 405(g).  The commissioner has admitted that the plaintiff has exhausted her administrative remedies.  The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement.  Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

perform other work is undermined by his failure to resolve an inconsistency between the VE's testimony and the DOT.   Hence, I recommend that the court vacate the commissioner's decision and remand this case for further proceedings consistent herewith.  I need not and do not reach the plaintiff's remaining points of error.

Pursuant to the sequential evaluation process applicable to continuing disability reviews pertaining to the award of SSD benefits, 20 C.F.R. § 404.1594, the ALJ found, in relevant part, that the most recent favorable medical decision finding the plaintiff disabled, known as the comparison point decision (CPD), was dated August 20, 2010, Finding 1, Record at 12; that, at that time, the plaintiff had medically determinable impairments of multiple fractures due to a motor vehicle accident, and right humerus heterotopic ossification, resulting in a residual functional capacity (RFC) to perform less than a full range of sedentary work on a sustained basis, Finding 2, *id*. at 13; that, since December 1, 2016, the plaintiff had the same medically determinable impairments plus left carpal tunnel syndrome, Finding 4, *id*.; that medical improvement occurred on December 1, 2016, Finding 6, *id*.; that, since December 1, 2016, the impairments present at the time of the CPD had decreased in medical severity to the point that the plaintiff had the RFC to perform light work, except that she was limited to lifting and carrying 10 pounds, could frequently push, pull, and reach overhead with her dominant right upper extremity, could frequently balance, stoop, and climb ramps or stairs, could not climb ladders, ropes, or scaffolds, and could not tolerate exposure to unprotected heights, Finding 7, *id*. at 14; that the plaintiff's medical improvement was related to her ability to work because it resulted in an increase in her RFC, Finding 8, *id*.; that, taking into account all impairments present since December 1, 2016, the plaintiff had the RFC set forth above for impairments present at the time of the CPD plus could frequently finger and feel with her non-dominant left upper extremity, Finding 10, *id*.; that, since December 1, 2016, the

plaintiff had been capable of performing past relevant work as a receptionist, which did not require the performance of work-related activities precluded by her RFC based on the impairments present since December 1, 2016, Finding 11, *id*. at 17;[2] that, in the alternative, considering her age (44 years old, defined as a younger individual, on December 1, 2016, education (limited and able to communicate in English), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that she could perform, *id*. at 17-18; and that her disability, therefore, ended on December 1, 2016, and she had not become disabled again as of the date of the decision, June 14, 2019, Finding 12, *id*. at 18.  The Appeals Council declined to review the decision, *id*. at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence.  42 U.S.C. § 405(g); *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).  In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

## I.   Discussion

The ALJ explained that, in determining the plaintiff's RFC since December 1, 2016, he gave (i) "great weight" to the physical RFC opinions of the agency nonexamining consultants (the December 5, 2016, opinion of Jennifer Rogers Marshall, M.D., and the March 13, 2017, opinion of Archibald Green, D.O.) "because they are supported by the evidence[,]" (ii) "[s]ome weight" to

---

[2] I have corrected the ALJ's typographical error in referring to the date as December 1, 2006.

the October 20, 2016, opinion of agency examining consultant Leya Laverriere, P.A.-C., "in that she opines the [plaintiff] has no impairments that prevent her from working, but has right upper extremity limitations, which is in accord with the evidence and my decision[,]" (iii) "little weight" to the March 29, 2019, opinion of the plaintiff's primary care provider (Aaron Kahn, A.P.R.N.) "because it indicates the [plaintiff] has an antalgic gait and that emotional factors contribute to her limitations, neither of which is supported by the evidence[,]" and (iv) "little weight" to a March 15, 2019, functional capacity evaluation (FCE) (by Rebecca Thurston, P.T.) "because the results were 'conditionally valid,' which indicates suboptimal effort, although possibly based on the [plaintiff]'s perception that she could not exert herself further."  Record at 16-17 (citations omitted); *see also id*. at 76-78, 596-98, 652-59, 781-86, 819-22.  This was the sum total of the ALJ's discussion of the opinion evidence bearing on the plaintiff's physical RFC.

To his credit, the commissioner acknowledges that the ALJ erroneously (i) cited both prior and revised versions of regulations pertaining to the evaluation of expert opinion evidence and (ii) failed to comply with certain dictates of the applicable revised versions.  *See* Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 17) at 1-16.[3]  Specifically, the revised regulations direct ALJs to refrain from giving "specific evidentiary weight" to expert opinions, 20 C.F.R. § 404.1520c(a), which the ALJ did in this case, *see* Record at 16-17, and to "explain how [the ALJ] considered" the two "most important factors[,]" supportability and

---

[3] Although the revised regulations generally apply to claims filed on or after their effective date, March 27, 2017, *see* 20 C.F.R. § 404.1520c, the commissioner issued guidance on April 3, 2017, clarifying that, with exceptions not applicable here, the revised regulations apply in all continuing disability reviews.  *See* Social Security Administration Program Operations Manual System (POMS) § DI 24503.050(D)(7); *Mudge v. Saul*, No. 4:18 CV 693 CDP, 2019 WL 3412616, at *5 (E.D. Mo. July 29, 2019).

consistency, in weighing the opinion evidence, *id*. § 404.1520c(b)(2), which the ALJ did not do, *see* Record at 16-17.[4]

The commissioner, nonetheless, contends that these errors are harmless because the ALJ's discussion as a whole bears on the opinions' consistency and supportability, rendering remand an empty exercise. *See* Opposition at 1-17; *Gurney v. Soc. Sec. Admin Comm'r*, 880 F. Supp. 2d 174, 178 n.6 (D. Me. 2012) (remand not required when it "will amount to no more than an empty exercise because . . . application of the correct legal standard could lead to only one conclusion") (citation and internal quotation marks omitted). He argues, for example, that, "[t]o the extent the ALJ did not expressly address differences between the opinions of Drs. Marshall and Green, any error is harmless." Opposition at 10 n.3. I conclude otherwise.

The commissioner acknowledges that, whereas Dr. Marshall found the plaintiff "limited" in overhead reaching, Dr. Green deemed her capable of frequent overhead reaching, *id*.; *compare* Record at 77 *with id*. at 655. He correctly observes that "an ALJ 'is entitled – indeed, directed – to resolve conflicts in the medical evidence.'" Opposition at 10 n.3 (quoting *Brown v. Astrue*, No. 2:10-cv-27-DBH, 2010 WL 5261004, at *3 (D. Me. Dec. 16, 2010) (rec. dec., *aff'd* Jan. 4, 2011) (internal citation omitted)). He contends that the ALJ did precisely that when he incorporated Dr. Green's limitations into his RFC determination, rendering any error harmless because the plaintiff retained the capability to perform past relevant work as a receptionist, which requires frequent reaching. *See id*.; DOT § 237.367-038.

---

[4] "Supportability" means that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1). "Consistency" means that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id*. § 404.1520c(c)(2). Although the revised regulations refer to the opinions of agency nonexamining consultants as "prior administrative medical findings[,]" *id*. § 404.1513a(b), for ease of reference, and in keeping with this court's longstanding nomenclature, I refer to them as agency nonexamining consultants' opinions.

5

Yet, the ALJ did not acknowledge, let alone resolve, that material evidentiary conflict. He simply gave great weight to both the Marshall and Green opinions. *See* Record at 16. Rather than filling the gap, his remaining discussion underscores the need to have addressed and resolved that conflict. As noted above, the ALJ described his decision as according with that of PA-C Laverriere in part because, consistent with his RFC determination, she found that the plaintiff had right upper extremity limitations. *See id*. However, PA-C Laverriere stated that "[l]ifting or doing anything extensive with the right upper extremity may be difficult for this patient[,]" describing the plaintiff as having "limited ability with the right upper extremity." *Id*. at 598. Moreover, as the plaintiff observes, *see* Statement of Errors at 4, 13, while the ALJ gave little weight to the FCE because the results were conditionally valid, indicating suboptimal effort, *see* Record at 17, PT Thurston noted that "[w]eighted activities were terminated based on . . . Client's Full Capability" and described frequent lifting above the shoulders as "[n]ot [r]ecommended[,]" *id*. at 782-83.

The ALJ's Step 4 finding that the plaintiff retained the capacity to perform past relevant work as a receptionist, hence, is unsupported by substantial evidence. While the ALJ made an alternative Step 5 finding that the plaintiff retained the capacity to perform work as a laundry folder, DOT § 369.687-018, package sorter, *id*. § 222.687-022, and ticket taker, *id*. § 344.667-010, *see* Record at 18, this finding, as well, is unsupported by substantial evidence.

The plaintiff points out, and the commissioner does not contest, that the ALJ failed to resolve a conflict between the VE's testimony concerning those three jobs and the DOT, as required by Social Security Ruling 00-4p (SSR 00-4p). *See* Statement of Errors at 17-18; Opposition at 1-20; SSR 00-4p, 2000 WL 1898704, at *4 (Dec. 4, 2000) (tasking adjudicators with the "affirmative responsibility" to inquire about any possible conflict between VE testimony and information in the DOT, "obtain a reasonable explanation" from the VE for any such "apparent

6

conflict[,]" "resolve this conflict before relying on the VE . . . evidence" to find a claimant disabled or not disabled, and explain in their decisions how the conflict was resolved).

While the ALJ stated that he had obtained a reasonable explanation for the discrepancy between the VE's testimony that a person limited to lifting and carrying 10 pounds could perform the three jobs at issue and the DOT's description of all three jobs as requiring the ability to lift and carry 20 pounds, *see* Record at 18, he did not do so.  The only discrepancy he discussed with the VE at hearing pertained to the DOT's lack of specific mention of either "overhead" reaching requirements or requirements for dominant *versus* nondominant extremities.  *Id*. at 56-57.

Because the ALJ failed in his duty to resolve material conflicts in the evidence, and the court is ill-equipped to resolve such conflicts in the first instance, remand is required.  *See, e.g.*, *Soto v. Sec'y of Health & Human Servs.*, 795 F.2d 219, 222 (1st Cir. 1986) ("We are ill-equipped to sort out a record that admits of conflicting interpretations.  Accordingly, we believe the case must be remanded to the [commissioner] for reconsideration of his decision[.]"); *Rodriguez*, 647 F.2d at 222 ("The [commissioner] may (and under his regulations, must) take medical evidence.  But the resolution of conflicts in the evidence and the determination of the ultimate question is for him, not for the doctors or for the courts.").

## II.  Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **VACATED** and the case **REMANDED** for proceedings consistent herewith.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof.   A responsive memorandum and any request for*

*oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

***Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the district court and to appeal the district court's order.***

Dated this 11th day of January, 2021.

<u>/s/ John H. Rich III</u>
John H. Rich III
United States Magistrate Judge